IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| PAUL R. BUTTS, | § |
| Petitioner, | § |
| VS. | § No. 4:17-CV-1033-Y |
| RODNEY W. CHANDLER, Warden, FMC-Fort Worth, | § |
| Respondent. | § |

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Paul R. Butts, a federal prisoner confined at FMC-Fort Worth, against Rodney W. Chandler, warden of FMC-Fort Worth, Respondent. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of jurisdiction.

I. Factual and Procedural Background

In 2008, in the United States District of Arizona, which lies in the Ninth Circuit, Petitioner was sentenced to a term of 220 months in the Bureau of Prisons for his conviction on one count of distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(3) and (b)(1) and 2256, and a term of 120 months for his convictions on fifteen counts of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) and 2256. (Resp't's App. 1-2, doc. 8.) By way of this petition, Petitioner

appears to challenge his conviction for distribution of child pornography by alleging that he is actually innocent of the offense because

> the government did not claim[,] state, prove or even suggest that any files themselves had crossed state lines to affect the "in interstate or foreign commerce" nexus. The government only claimed that the prefabricated computer parts (hard drives) were manufactured outside of Arizona. The government was to "prove that the images actually crossed state lines."

(Pet. 6, doc. 1.) Petitioner relies primarily upon the Ninth Circuit cases of *United States v. Wright,* 625 F.3d 583 (9th Cir. 2010), and *United States v. Flyer,* 633 F.3d 911 (9th Cir. 2011), but he also cites cases from other circuits, including the Fifth Circuit.

## II. Discussion

A § 2241 petition attacking a federal conviction may only be considered if the petitioner establishes that the remedy under § 2255(e) is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255(e) (the so-called "savings clause"); *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). To meet this burden, a petitioner must show that (1) the petition raises a claim that is based on a retroactively applicable United States Supreme Court decision, (2) the claim was foreclosed by circuit law at the time when it should have been raised in the petitioner's trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been

2

convicted of a nonexistent offense. *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner fails to meet any of these requirements. The cases relied upon by Petitioner are not Supreme Court decisions made retroactive to cases on collateral review. And, even though *Wright* and *Flyer* were not decided until 2010 and 2011, respectively, Petitioner fails to identify any authority that would have foreclosed him from making the same argument at trial, on appeal, or in his initial § 2255 motion under then existing circuit law.[1] *See Gricco v. Keffer,* 335 Fed. App'x 423, 2009 WL 1806896, at *1 (5th Cir. June 24, 2009). Furthermore, Petitioner's claim was raised in his third § 2255 motion transferred by the convicting court to the Ninth Circuit, which construed the motion as an application to file a second or successive § 2255 motion and denied the application. (Resp't's App. 10-13, doc. 8.) Petitioners's inability to meet the requirements for filing a successive § 2255 motion does not make the § 2255 remedy inadequate. *See Toliver,* 211 F.3d at 878.

Because Petitioner has not met the criteria required to invoke the savings clause of § 2255, or demonstrated that the remedy under § 2255 is inadequate, as to the claim presented in this habeas-

---

[1] In *Wright*, which was decided in 2010, the Ninth Circuit specifically noted that the matter was one of "apparent first impression." *Wright*, 625 F.3d at 590.

3

corpus proceeding, the Court is without jurisdiction to consider the petition. *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

For the reasons discussed, the Court DISMISSES the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court

may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Petitioner has neither alleged nor demonstrated that he is entitled to proceed under 28 U.S.C. § 2241. Therefore, a certificate of appealability should not issue.

    SIGNED September 19, 2018.

                                        */s/ Terry R. Means*
                                        TERRY R. MEANS
                                        UNITED STATES DISTRICT JUDGE